```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
```

 JOHN FALIVENE,                          Civil No. 18-14425 (NLH/JS)

              Plaintiff,                 **OPINION**

      v.

 UNITED STATES POSTAL SERVICE,

              Defendant.

**APPEARANCES**:

JOHN FALIVENE
40 RIVERSIDE DR.
PORT REPUBLIC, NJ 08241

   *Appearing pro se.*

ANNE B. TAYLOR
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101

   *On behalf of Defendant.*

**HILLMAN, District Judge**

   This matter concerns a breach of contract claim by Plaintiff arising out of his lease agreement with Defendant, United States Postal Service ("USPS"). Defendant withheld rent to recover the costs of making repairs to the parking lot of the property. Plaintiff initiated the suit in New Jersey State Court and Defendant removed the case to this Court. Presently

1

before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons expressed below, this Court will grant Defendant's motion and transfer the case to the Federal Court of Claims.

## BACKGROUND

Plaintiff John Falivene owns the property at 807 West White Horse Pike in Cologne, New Jersey and leases it to Defendant. The original lease was entered into in early 2012 and has been renewed through May 31, 2021 without amendment.

The lease includes the "General Conditions to the U.S. Postal Service Lease" ("General Conditions") and an incorporated maintenance rider ("Maintenance Rider"). The Maintenance Rider describes the responsibilities of the landlord to make timely repairs and reserves the right of the Postal Service contracting officer "to perform the work (by contract or otherwise), and withhold the cost plus any administrative cost and/or interest, from rental payments due or to become due under [the] lease" should the landlord fail to undertake repairs after being advised of the need for such repairs. (Def.'s Mot. to Dismiss, Ex. A 10.) The General Conditions provision includes a choice of law provision stating that the lease is governed by the Contract Disputes Act of 1978 ("CDA"). (Def.'s Mot. to Dismiss, Ex. A 6); 41 U.S.C. §§ 7101-09.

On September 8, 2015, Defendant notified Plaintiff that deep potholes in the customer parking lot created a safety issue. Plaintiff was asked to repair the potholes by October 8, 2015. On November 30, 2015 Defendant sent Plaintiff a Notice of Maintenance Enforcement advising Plaintiff of his failure to complete the requested maintenance, the ongoing need for the repairs, and the Defendant's intention to have the work performed and deduct the cost from the rent, consistent with the provisions in the Maintenance Rider. On or around March 11, 2016, the potholes were filled in by a company contracted by Defendant's contracting officer. In June 2018, Plaintiff was notified of the decision by the Defendant's contracting officer to implement a rental reduction schedule as a result of incurring the cost of repairing the potholes, totaling $8901.78. (Def.'s Mot. to Dismiss, Ex. B 1.) From August 1, 2018 through February 1, 2019 Defendant planned to deduct $1,201 from each month's rent. The remaining $494.78 was to be deducted on March 1, 2019.

Plaintiff filed an action in New Jersey Superior Court, Small Claims Section to recover the withheld rent, alleging that Defendant incorrectly deducted rent for the repairs because the work was completed on property not owned by Plaintiff. Defendant removed the case to this Court under 28 U.S.C. §

3

1442(a)(1) and filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Before this Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's opposition.  This Court considers the issue fully briefed and ripe for adjudication.

## ANALYSIS

**1. Rule 12(b)(1) Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." A motion under Rule 12(b)(1) "'attacks the right of a plaintiff to be heard in Federal Court.'"  Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 364 (D.N.J. 2005) (quoting Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999)).  There are two types of Rule 12(b)(1) motions: one which presents a "facial challenge" and one which presents a "factual challenge."  See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (citing In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

If a motion to dismiss presents a "facial attack," a court must assume the allegations in a complaint are true and may only dismiss claims when the pleadings fail to present an action

within a court's jurisdiction. Mortensen, 549 F.2d at 891. "[I]n that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion." Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891). By contrast, when the motion to dismiss presents a factual attack,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Mortensen, 549 F.2d at 891; see also Aichele, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

"The precise form of the challenge under 12(b)(1) is significant because, as set forth above, the standard of review for a facial and factual attack 'differs greatly.'" Doty v. United States, No. 15-3016 (NLH), 2016 WL 3398579, at *2 (D.N.J. June 15, 2016) (citing Mortensen, 549 F.2d at 891)). In addressing a factual attack, the Court "must take care not to reach the merits of a case." Davis v. Wells Fargo, 824 F.3d 333, 348 (3d Cir. 2016) (internal citations omitted).

2. **Defendant's Motion to Dismiss**

Defendant has moved to dismiss Plaintiff's claim pursuant to Rule 12(b)(1) and asserts its challenge as a factual

5

challenge to this Court's subject matter jurisdiction (Def.'s Mot. to Dismiss 4.) Defendant asserts that the facts dictate that the dispute at issue must be litigated before either the Postal Service Board of Contract Appeals or the Court of Federal Claims. (Def.'s Mot. to Dismiss 4-6 & Ex. A 4.) This Court finds Defendant's Motion to be a factual attack because it seeks to enforce the CDA jurisdictional clause of the contract. The contents of that contract present a factual question as the contract is technically outside of the four corners of Plaintiff's complaint. As such, the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without attaching presumptive truthfulness to Plaintiff's claims. Mortensen, 549 F.2d at 891.

Defendant asserts that the contract includes a requirement that this dispute be subject to the CDA and be settled either through the Postal Service Board of Contract Appeals or in the Court of Federal Claims. Generally, the CDA "is a statutory bar to jurisdiction over breach of contract claims against the USPS in the federal district courts." Anselma Crossing v. U.S. Postal Serv., 637 F.3d 238, 246 (3d Cir. 2011). The CDA limits appeals of a contracting officer's[1] decision to two particular

---

[1] The contracting officer is an individual within the agency who "has the authority to make and administer contracts and to make determinations and findings with respect to contracts." 41 U.S.C. § 7101(6)(A).

6

jurisdictions: either the agency's board of contract appeals or the Court of Federal Claims. 41 U.S.C. 7104(b); <u>Four Star Aviation, Inc. v. U.S. Postal Serv.</u>, 120 F. Supp. 2d 523, 526-27 (D.V.I. 2000). If filing with the Board of Contract Appeals, the complainant has ninety days from receipt of the contracting officer's decision to file an appeal. 41 U.S.C. § 7104(a). A claim brought in the Court of Federal Claims must be brought within twelve months of the receipt of the contracting officer's decision. 41 U.S.C. § 7104(b)(3). The applicable statute governing jurisdiction for claims arising under the Contract Disputes Act is 41 U.S.C. § 7104(b)(1) which states that "in lieu of appealing the decision of a contracting officer . . . to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims."

The Court finds that the General Conditions of the Lease Agreement requires all disputes "arising under or relating to" the contract to be resolved under the CDA. (Def.'s Mot. to Dismiss, Ex. A 7.) The General Conditions state that:

> a. This contract is governed by the Contract Disputes Act of 1978.
>
> b. Except as provided in the [CDA], all disputes arising under or relating to this contract must be resolved under this clause.
>
> . . .
>
> e. For Landlord claims of $100,000 or less, the contracting officers must, if requested in writing by

7

>     the Landlord, render a decision within 60 days of the
>     request.

Id.

This case, which centers around whether Defendant appropriately withheld rent according to the terms of the contract, is a dispute arising under the contract. More specifically, this case concerns Plaintiff's disagreement with the contracting officer's decision to withhold rent to recoup the costs of repairing the parking lot. Thus, by the contract's terms, the claim is governed by the CDA.

In a similar action with this Circuit, a court concluded that the CDA provision in the contract was controlling and that jurisdiction rested with the Court of Federal Claims, not the district court. See Four Star Aviation, 120 F. Supp. 2d at 526-28. The court held that when a contract with the Postal Service includes a CDA forum selection clause, the dispute must be resolved either before the Postal Service Board of Contract Appeals or the Court of Federal Claims. Id. The reason: the CDA was intended to limit review of the merits of government contract disputes to certain forums that have specialized knowledge and experience. Anselma Crossing, 637 F.3d at 240-41 (quoting U.S. v. Kasler Elec. Co., 123 F.3d 341, 346 (6th Cir. 1997)).

Because the Plaintiff and Defendant's contract contains a CDA provision that dictates the manner in which disputes are to be resolved, Plaintiff's contract dispute must therefore be resolved before either the Board of Contract Appeals or the Court of Federal Claims.[2]

**3. Transfer to the Court of Federal Claims**

Although not requested to do so by either party, this Court may consider sua sponte whether it is in the "interest of justice" to transfer Plaintiff's claim to the Court of Federal Claims under 28 U.S.C. § 1631. Smith v. United States, 99 Fed. Cl. 581, 584 (Fed. Cl. 2011) (citing Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the lower court should have considered whether transfer was appropriate once it determined it lacked subject matter jurisdiction)).

---

[2] The Court notes, of course, that federal district courts do maintain "original jurisdiction, concurrent with the United States Claims Court" of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). This provision would include the claim at issue here, which does not exceed $10,000. But, explicitly exempted are cases subject to 41 U.S.C. § 7104(b)(1). 28 U.S.C. § 1346(a)(2) ("[T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States . . . which are subject to section[] 7104(b)(1)."). Since this Court finds this claim is subject to 41 U.S.C. § 7104(b)(1), jurisdiction is properly held by the Court of Federal Claims.

9

Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) "the action 'could have been brought' in the transferee district" at the time it was filed; and (3) "transfer is in the interest of justice." Am. Fin. Res., Inv. v. Smouse, No. 17-12019 (JMV/MF), 2018 U.S. Dist. LEXIS 217828, at *11-12 (D.N.J. Dec. 28, 2018) (citing D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 109 (3d Cir. 2009)). The Court has already determined that it lacks subject matter jurisdiction. In light of the contract's CDA provision and Section 7104(b)(1), this Court finds that the Court of Federal Claims, subject to the below analysis, would be the appropriate transferee court. Anselma Crossing, 637 F.3d at 246; Four Star Aviation, 120 F. Supp. 2d at 528.

To determine the second prong, the Court must find "that the transferee court has (1) subject matter jurisdiction, (2) venue, and (3) personal jurisdiction." Am. Fin. Res., Inv., 2018 U.S. Dist. LEXIS 217828, at *12 (citing 17 Moore's Federal Practice § 111.53). The Court finds that the Court of Federal Claims, the appropriate transferee court, would have subject matter jurisdiction, would be the proper venue, and could assert personal jurisdiction over Defendant. Thus, the second prong has been met.

The third prong requires the Court to consider whether the "statute of limitations has expired subsequent to the time of the original filing, so that transfer . . . will preserve the plaintiff's cause of action." Id. at *12-13 (quoting 17 Moore's Federal Practice § 111.52). The Court finds the statute of limitations has not expired, as the contracting officer's decision was given on June 25, 2018 and the CDA requires the claim to be filed in the Court of Federal Claims within twelve months of that decision. (Def.'s Mot. to Dismiss, Ex. B 1); 41 U.S.C. § 7104(b)(3).

If the statute of limitations, as in this case, has not expired a court must additionally consider whether "transfer rather than dismissal may be in the interest of justice because it would save the plaintiff the time, expense[,] and effort of having to refile the action." Am. Fin. Res., Inv., 2018 U.S. Dist. LEXIS 217828, at *13 (quoting 17 Moore's Federal Practice § 111.53; citing Covelman v. Hotel St. Regis, No. 14-5757, 2016 WL 762661, at *1 (D.N.J. Feb. 25, 2016)). The Court finds transfer would serve the interests of justice, as it would save this pro se Plaintiff the time, expense, and effort involved in refiling this action. See, e.g., Twp. Of Saddle Brook v. United States, No. 09-2373 (JLL), 2010 WL 323348, at *2 (D.N.J. Jan. 19, 2010) (finding, upon review of Plaintiff's allegations, that the interests of justice weighed in favor of transfer).

11

In lieu of dismissal, and in the interest of justice and judicial efficiency, the Court will transfer this case to the Court of Federal Claims. The Court notes that this is not a decision on the merits of Plaintiff's claims, but only a decision as to whether this Court has jurisdiction to adjudicate the matter and whether transfer to the Court of Federal Claims is consistent with the applicable statute.

## CONCLUSION

This Court will grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and transfer the case to the Court of Federal Claims.

An appropriate Order will be entered.


Date: April 11, 2019　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.